UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY SMEDLEY,

       Plaintiff,

v.                                                  Case No:  2:12-cv-382-FtM-38DNF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. #23) filed on August 22, 2013. Judge Frazier recommends affirming the decision of the Commissioner of Social Security, thereby denying Plaintiff's request for Disability Insurance Benefits and Supplemental Security Income (Doc. # 23, p. 25). No objections have been filed and the time to do so has expired.

### I.    STANDARD

The Court reviews the Commissioner of Social Security's ("Commissioner") decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.   DISCUSSION

The Administrative Law Judge ("ALJ") found that plaintiff was not disabled from April 9, 2007, his amended onset date. Plaintiff challenges the ALJ's decision on the basis that it is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ's decision that Plaintiff's psychological limitations were non-severe was not supported by substantial evidence when considered in the context that the ALJ also found that Plaintiff's substance abuse was not material. As such, Plaintiff argues that the ALJ erred in not considering Plaintiff's depression as a severe impairment in determining his Residual Functional Capacity ("RFC").

The Magistrate Judge properly found that the ALJ's decision that Plaintiff does not have a severe psychological impairment is supported by substantial evidence. A

severe psychological impairment is one that significantly limits a claimant's mental abilities to do basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 404.1521(a), 416.920(a)(4)(ii), (c), 416.921(a); SSR 96-3p; Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987). Additionally, to be considered a severe impairment, the impairment must be severe for a period of at least twelve (12) consecutive months. See 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(a)(4)(ii), 416.905(a), 416.909, 416.920(a)(4)(ii); SSR 96-3p; Barnhart v. Walton, 535 U.S. 212, 217 (2002). The claimant has the burden to prove that his psychological impairment was severe enough to cause significant limitations. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). Moreover, where substance abuse is a contributing factor material to a determination that a claimant is disabled, the claimant bears the burden of proving that he would still be disabled whether or not he had substance abuse problems. Id. at 1275-76. If the claimant cannot do so, he is precluded from a finding of disability. Id. at 1275; 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935.

    Here, as the Magistrate Judge found in his Report and Recommendation, the ALJ determined that Plaintiff's substance abuse was not material because it did not make his psychological impairment severe. (Doc. # 23, p. 23). The ALJ also found that Plaintiff's psychological impairment was not severe absent his substance abuse problem. (Id.). The ALJ concluded that with or without his substance abuse, Plaintiff's mental impairment was mild, thereby precluding a finding of disability. (Tr. 15-20); Doughty, 245 F.3d at 1275-76, 1280, 1281.

    Furthermore, the medical record taken as a whole does not support a finding that Plaintiff's depression limited his ability to perform basic work activity. His claims of

psychological impairment were consistently intertwined with Plaintiff's admissions relating to intoxication, drug abuse, alcohol dependence, or detoxification. (Tr. 378-468, 475-559, 655-716, 720-31, 736-42, 772-88, 864-83, 894-935). Indeed:

> The ALJ stated clearly in his opinion that the record as a whole supported a finding that Plaintiff seemed to remain mentally stable when he is not engaged in any substance abuse and remained compliant with treatment. . . . It is relevant to note that Plaintiff did not complain of depression nor was depression even mentioned during [the] psychological evaluation dated October 21, 2010.

(Doc. #23, pp. 23-24). As a result, the ALJ properly determined that Plaintiff's psychological impairments were not severe, whether or not substance abuse is considered. Therefore, the Magistrate Judge correctly concluded that the ALJ's decision is supported by substantial evidence.

Thus, having conducted an independent review, the Court agrees with the findings and recommendations of Judge Frazier in the Report and Recommendation. Therefore, the Court will not disturb the ALJ's decision.

Accordingly, it is now **ORDERED:**

(1) The Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. # 23) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this Order for all purposes.

(2) The decision of the Commission of Social Security is **AFFIRMED**.

(3) The Clerk is directed to enter judgment accordingly and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of September, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record